OPINION
{¶ 1} Defendant-Appellant John Bradford appeals his conviction for theft from an elderly person of property valued over $500, but under $5,000. On appeal Bradford claims that the weight of the evidence was insufficient to support his conviction and that the trial court erred in denying his motion for acquittal. For the following reasons we affirm Bradford's conviction.
 {¶ 2} On August 18, 2002 Bradford's sixty-nine-year-old mother, Mary Bradford, discovered several things missing from her home, including a box of jewelry, money, and several other items made of gold. The jewelry consisted of thirteen or fourteen rings made of gold and set with rubies, diamonds, and sapphires. Ms. Bradford never gave permission to anyone for the rings to be taken. Bradford's son found a pawn ticket containing Bradford's name in Bradford's wallet. Bradford's son gave the ticket to his grandmother. A confrontation ensued, and failing to resolve the situation, Ms. Bradford called the police, who arrested Bradford.
 {¶ 3} Detective Terry McCall prepared a photo spread to show to Michael Scheaking, the employee of Mr. Pawn Shop who accepted the rings for pawning. Although Scheaking tentatively identified Bradford as the one who had pawned the rings, he was somewhat unsure of his identification because he had dealt with all of the individuals in the spread before. However, Scheaking explained that Bradford had been required to show a photo identification in order to pawn the rings, and he had signed the ticket.
 {¶ 4} The jury convicted Bradford of theft from an elderly person of property valued over $500, but under $5,000, and the trial court sentenced him to seventeen months imprisonment. Bradford appeals.
 {¶ 5} Bradford's first assignment of error:
 {¶ 6} "A conviction of theft of an elderly person of property with a value greater than five hundred dollars and less than five thousand dollars was against the manifest weight of the evidence."
 {¶ 7} In his first assignment of error, Bradford primarily argues that his conviction was against the manifest weight of the evidence because the State failed to offer direct evidence that the rings were worth more than $500 but less than $5,000. Bradford also insists that the State failed to introduce evidence that he was the one who pawned the rings. We disagree in both regards.
 {¶ 8} When reviewing a judgment under a manifest weight standard of review "[t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, quoting State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 9} While the value of the items is not an element of the crime of theft, the value must be proven in order to determine the degree of the offense. Nevertheless, direct testimony of the value is not always necessary; circumstantial evidence can be sufficient. State v. Bush (March 15, 1996), Darke App. No. 1369. In Bush we found that photos of and testimony about the stolen property was sufficient for the jury to determine the value of the property.
 {¶ 10} In this case although no direct testimony was offered as to the value of the rings, Ms. Bradford stated that the thirteen or fourteen rings were made of gold and set with rubies, diamonds, and sapphires. Moreover, the jury saw the actual jewelry that was stolen. Based upon that evidence the jury did specifically find that the property was worth between $500 and $5,000. We cannot say that the jury lost its way in inferring from the evidence that the jewelry was valued between $500 and $5,000.
 {¶ 11} As to Bradford's identify as the individual who pawned the jewelry, we believe that the State offered more than enough evidence to support the jury's finding that Bradford stole the jewelry. Bradford lived with his mother and had easy access to her jewelry. Additionally, Bradford was in possession of a pawn ticket for the rings, and the ticket bore his name, information, and signature. Scheaking explained that items are not accepted to pawn unless the customer shows a photo identification. It was certainly reasonable, therefore, for the jury to believe that Bradford's name was on the ticket because he had shown his identification and signed the ticket when he pawned the rings. The weakness of Scheaking's identification in the photo spread is of little consequence.
 {¶ 12} The State offered sufficient circumstantial evidence of both the value of the rings and Bradford's access to them to support his conviction. Therefore, we cannot say that it is patently apparent that the factfinder clearly lost its way, and we will not disturb the verdict. Bradford's first assignment of error is without merit and is overruled.
 {¶ 13} Bradford's second assignment of error:
 {¶ 14} "The trial court abused their (sic) discretion in overruling the defendant's motion for acquittal, pursuant to criminal rule 29(c)."
 {¶ 15} In his second assignment of error, Bradford alleges that the trial court wrongly denied his Crim.R. 29 motion for acquittal. In support, he once again attacks the State's evidence regarding the value of the stolen rings and his identity as the one who pawned them.
 {¶ 16} A trial court's decision to deny a motion for acquittal will be upheld if, after viewing the evidence in a light most favorable to the State, the reviewing court finds that any rational fact finder could have found the essential elements of the offense proven beyond a reasonable doubt. State v.Dennis (1997), 79 Ohio St.3d 421, 430, 683 N.E.2d 1096, cert. denied (1998), 522 U.S. 1128, 119 S.Ct. 1078. In other words, the verdict will not be disturbed unless the reviewing court finds that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991), 61 Ohio St.3d 259,273, 574 N.E.2d 492.
 {¶ 17} For the reasons discussed above, we find that the State offered sufficient evidence to believe that reasonable minds could not reach different conclusions either as to the value of the rings or as to Bradford's identity as the one who pawned them. Therefore, the trial court properly denied Bradford's motion for acquittal. Bradford's second assignment of error is overruled.
 {¶ 18} The judgment of the trial court is affirmed.
Brogan, J. and Grady, J., concur.